HON. EDWARD P. KEARSE Corporation Counsel, Syracuse
This is in response to the letter of Ms. Eleanor Theodore, Assistant Corporation Counsel, dated November 26, 1976, asking for an opinion of the Attorney General whether the City of Syracuse is authorized to adopt an ordinance which would increase the license fee and change the expiration date of a license issued to a scrap processor as provided for in General Business Law, § 69-f.
Laws of 1976, chapter 431, added a new Article 6-C-"Scrap Processors", to the General Business Law providing for the licensing and regulation of scrap processors. Section 69-f, contained in said Article 6-C, provides as follows:
 "It shall be unlawful for any person, association, partnership or corporation to engage in business as a scrap processor unless such scrap processor shall have complied with the provisions of this article and obtained a license to do so from the mayor of the city, if the place of business of such scrap processor is in a city, or the mayor of the village if the place of business is in an incorporated village, otherwise from the supervisor of the town in which such place of business is located, or from the licensing authority of any such municipality; for which license shall be paid such mayor or supervisor or licensing authority for the use of such city, village, or town the sum of seventy-five dollars if such place of business is the principal place of business of such scrap processor in this state, otherwise the sum of fifty dollars, which license shall expire on June thirtieth of each year."
Section 69-e(1), defines the term "scrap metal processing facility" and section 69-e(2), defines the term "scrap processor."
Section 69-g, provides:
 "1. Such scrap processor shall record (i) each purchase of any pig or pigs of metal, bronze or brass castings or parts thereof, sprues or gates or parts thereof, utility wire or brass car journals, or of metal beer kegs, and (ii) each purchase of iron, steel and/or nonferrous scrap for a price of fifty dollars or more, and preserve such record for a period of three years; which record shall show the date of purchase, name of seller, his residence address by street, number, city, village or town, or by such description as will reasonably locate the seller, the type and quantity of either purchase (i) or (ii); and the scrap processor shall cause such record to be signed by the seller or his agent. It shall be unlawful for any seller to refuse to furnish such information or to furnish incorrect or incomplete information.
 "2. Such records shall be available for inspection by the police department of the state or the municipality in which the establishment is located."
Section 69-h, provides for penalties as follows:
 "1. Each violation of this article by a scrap processor shall be a violation subject to a fine of not more than two hundred dollars, unless such violation shall be wilful, in which event it shall be a misdemeanor except, however, the scrap processor shall not be liable for any violation of this article by a seller, his agent, or a purported seller or agent.
 "2. Each violation of this article by a seller or his agent shall be a misdemeanor."
General City Law, § 20(13), provides:
 "Subject to the constitution and general laws of this state, every city is empowered:
* * *
 "13. To maintain order, enforce the laws, protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto; and for any of said purposes to regulate and license occupations and businesses." (Emphasis supplied.)
However, General Business Law, Article 6-C, specifically covers the field of scrap processors including the licensing thereof. It is a general law pursuant to the definitions contained in New York State Constitution, Article IX, § 3(d) (1) and Municipal Home Rule Law, § 2(5).
New York State Constitution, Article IX, § 2(c), provides, in part:
 "(c) In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government * * *." (Emphasis supplied.)
Municipal Home Rule Law, § 10(1) (i), implements the constitutional provisions.
In both the New York State Constitution and the Municipal Home Rule Law the power granted to local governments to adopt and amend local laws relating to its property, affairs or government is premised on the provision that such local law be not inconsistent with the provisions of the Constitution or any general law.
General Business Law, Article 6-C, covers the field of scrap processors in detail evincing a legislative intent to preempt the field. (See, Robin v. Incorporated Village of Hempstead,30 N.Y.2d 347.)
From all of the foregoing, we conclude that the City of Syracuse is not authorized to either adopt an ordinance or enact a local law which would increase the license fee and change the license expiration date of a scrap processor as provided for in General Business Law, § 69-f.